FILED 16 FEB '16 10:32 USDC-ORE

Mary C. Benafel
2696 Moon Mountain Drive
Eugene OR, 97401
Phone: (541) 343-1600
E-mail: ecr963@gmail.com
*In Pro Per*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| Mary C. Benafel,<br>      Plaintiff,<br><br>v.<br><br>United States Department of Transportation, Anthony Foxx, Ross Reineke; Williams Northwest Pipeline, Rodney Gregory; City of Eugene and members of the City Council, Mayor Kitty Piercy, George Brown, Betty Taylor, Alan Zelenka, George Poling, Mike Clark, Greg Evans, Claire Syrett, Chris Pryor; William David and Shannon G. Tom;  Does 1 to 50,<br><br>      Defendants. | Case No.: 6:16-cv-273-MC<br><br>**COMPLAINT**<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

### I.  Introduction

1. Plaintiff alleges the named Defendants, all of them, engaged in a conspiracy to violate Plaintiff's federal civil rights under color of state law, including, but not limited to, the unlawful taking of Plaintiff's property without just compensation.

2. Plaintiff seeks the removal of the "Williams" Northwest Pipeline "pigging" facility from Plaintiff's property and to restore it, along with just compensation for the taking, and the inverse condemnation of Plaintiff's property, by the listed Defendants acts taken, in concert with the United States Department of Transportation, Anthony Foxx,

— COMPLAINT

United States Secretary of Transportation, Ross Reineke; the City of Eugene Oregon, members of the City Council, Mayor Kitty Piercy, George Brown, Betty Taylor, Alan Zelenka, George Poling, Mike Clark, Greg Evans, Claire Syrett, Chris Pryor, and Plaintiff's neighbors, William David and Shannon G. Tom.

3. The Parties that are currently identified are Plaintiff herein, who is Mary C. Benafel, 2696 Moon Mountain Drive, Eugene, Oregon 97401. The Defendants are, United States Department of Transportation, Anthony Foxx, Ross Reineke CATS Manager PHMSA/Western Region , Phone: (720)-963-3182, U.S. Department of Transportation, 1200 New Jersey Ave, SE, Washington, DC 20590; Williams Northwest Pipeline, Rodney Gregory; City of Eugene and members of the City Council, Mayor Kitty Piercy, George Brown, Betty Taylor, Alan Zelenka, George Poling, Mike Clark, Greg Evans, Claire Syrett, Chris Pryor, 125 East 8th Avenue, 2nd Floor, Eugene, OR 97401; William David and Shannon G. Tom, 2693 Agusta Street, Eugene OR 97401. Does 1 through 50 are remaining unidentified co-conspirators.

## II.     Jurisdiction

4. The United States is a Defendant and regarding the other Defendants the cause of action arises under the Civil Rights Act of 1871 (42 U.S.C. Sections 1983 and 1988) and the Fourteenth Amendment to the Constitution of the United States. This Court has jurisdiction of the federal claims under 28 U.S.C. Section 1331, 1332, 1343(3) 1343(4), 2201, and 2202. This court has pendent jurisdiction over the causes of action as they state claims which arise under "Real Property 240 Torts to Land" on the Court's civil cover sheet which Plaintiff has checked.

### III. Statement of Claims

5. **Claim I.** The Williams Northwest Pipeline "pigging" station was put on my property at 2696 Moon Mountain Drive, Eugene, Oregon, without any 45-days notice first. A new road was constructed off of Moon Mountain Court. The contour of the Berger/Benafel property at 2696 Moon Mountain Drive was changed, causing environmental damage, including, but not limited to, the loss of trees and vegetation, and the construction was built over an aquifer. No US EPA report was filed, even though the property line is within 100 feet of a wetland. Williams Northwest Pipeline hired people to spray pesticides regularly without any further notice to Plaintiff first. The local zoning does not allow for pigging stations within subdivision. The neighbor, the Tom's, their land easement with Williams Northwest Pipeline, is outside the subdivision. Permits were falsified by Williams Northwest Pipeline to obtain access to install the Williams Northwest Pipeline "pigging" station.

6. On October 8, 2009 Plaintiff, as a member of CAlifornians for Renewable Energy, Inc. ("CARE") filed an formal complaint in Docket CP10-5-00 with the Federal Energy Regulatory Commission ("FERC") for "Williams's construction of a pig receiver, fence, road and driveway on CARE member Mary Benafel's property, without accurate and adequate notice, as required by Williams's blanket certificate, 18 C.F.R. § 157.203(d), and without the necessary property rights".

7. On December 3, 2010 FERC denied the complaint. On January 3, 2011 rehearing was requested. On January 31, 2011 FERC granted rehearing and on May 19, 2011 rehearing was denied. **Exhibit 1** is an excerpted copy of the FERC's Order Denying

Rehearing. See http://elibrary.ferc.gov/idmws/common/opennat.asp?fileID=12663903 for a complete copy of the FERC's Order.

8.   FERC's Order on Rehearing finds in regards to Plaintiff's claims the Williams Northwest Pipeline actions where an unlawful taking and inverse condemnation of Plaintiff's property, in that regard the FERC found it lacked subject matter jurisdiction stating :

> CARE's Request for Rehearing
>
> 18.   CARE variously asserts that the Complaint Order "constituted an act of unlawful 'inverse condemnation' of the Berger/Benafel property" and/or "approv[ed] the inverse condemnation of the Berger/Benafel property by Northwest."
>
> Commission Holding
>
> 19.   While CARE's argument on this point is unclear, it appears to draw a distinction between the taking of property through an eminent domain proceeding and the taking of property without going through the eminent domain process. The logical thrust of such an argument would be that in either event, the landowner was due just compensation/damages. The Commission is not the appropriate forum in which to adjudicate property rights. If CARE, Mr. Berger, or Ms. Benafel believes that Northwest does not have the property rights to construct these facilities, they may bring an action in a court of appropriate jurisdiction to assert their rights. [135 FERC ¶ 61,158 at pages 7-8]

9. Plaintiff attempted without success to seek redress in the Lane County Circuit Court as demonstrated by **Exhibit 2** herein the State Appeals Courts affirming the Circuit Court decision in that matter. So Plaintiff has exhausted all her administrative remedies and state court remedies for relief.

10. **Claim II.** The Tom's conspired with Williams Northwest Pipeline to change the construction site for the pigging station from their property's part of the easement that was outside the subdivision, to the Plaintiff's property which is within the subdivision, and changed evidence on documents regarding the siting of the pigging station. The Tom's misrepresented facts to Plaintiff and falsified evidence received by Williams Northwest Pipeline. The Tom's received $20,500 from Williams Northwest Pipeline for a small portion of the pigging station on a small portion of their part of the easement. **Exhibit 3** is the Recorded Document that shows an offer of proof to the Tom's knowingly recording a false document that states the Tom's only received $10 from Williams Northwest Pipeline. As part of their on-going conspiracy with Williams Northwest Pipeline, Plaintiff alleges the Tom's have received additional payments in excess of the $20,500 already received, as Plaintiff will prove at trial.

11. **Claim III.** The City of Eugene permitted Williams Northwest Pipeline to enter my property without my express written permission from an unauthorized point without my approval which allowed Williams to develop a Pig launcher Receiver. The address was given by the applicant Williams to the city of Eugene in applicants request for a permit, for an apron and an 8' Fence. The Addresses are erroneous, and do not exist, and specifically, do not apply to Lot 14, Parcel # 18-03-04-44-01200.

12. I have suffered considerable loss, time cash and expenditures for professional assistance travel, and research. The City of Eugene's actions contributed to the devaluation and inverse condemnation of the remainder by making my property less marketable. Specific individuals that signed and issued permits: Bob Graef, Rick Steiner, Stuart Ramsing, MR Harrison, ML Wilcox. My Neighbors David and Shannon Tom and their Lawyer Rebecca Bierman Tom, conspired with Williams shifting all impact of siting of the Pig Launcher Receiver causing me significant emotional and monetary loss. Actions began May 3, 2007 and continued to worsen, until the date the City of Eugene approved a paperless permit. (June 4, 2007). There is no such thing as a paperless permit.

13. The City of Eugene has a legal requirement to issue permits. The erroneous and false addresses contribute to the process allowing the apron to be built. (999, Site address), was concocted to get the job done, as well as the 2708 site address, that Plaintiff alleges were Falsely added to allow Williams to build a 8' Fence around Pig Launcher Receiver and Construct a 8' High Cedar fence. The Apron and other permits were flawed because the addresses do not apply to the Site in the permitted Documents. As a result of the City of Eugene giving Williams a Paperless permit Construction by Williams NWP was then able to take my land by building a road, without my approval and without compensation.

14. The City of Eugene participated in a conspiracy with Williams in the road process, made a cut, and concreted a permitable apron according to City of Eugene Specifications, which gave the opportunity to Williams to then build an Unauthorized

road. As a result of an unauthorized road Noise Impacts, public use from cars and people has encroached on Plaintiff's property.

15. **Claim IV**. On April 23, 2008, my professional appraiser, Robert Booth, contacted Mr. Ross Reineke CATS Manager PHMSA/Western Region, Phone: (720)-963-3182, with U.S. Department of Transportation, to query him about the Williams pigging station. In an April 30, 2008 email Mr. Reineke advised Mr. Booth [*See* **Exhibit 4**] "I'm not an attorney, but I believe the Natural Gas regulations: Part 192.3 Definitions would override Title 18 (concerning Natural Gas pipeline definitions). From my pipeline Operator/Engineering background; I still believe pig launchers/receivers are considered part of the pipeline facilities."

16. On July 14, 2009 [See **Exhibit 5**] Michael Boyd, the President of CARE, contacted Mr. Reineke in my behalf by e-mail stating:

> Dear Ross,
>
> Ms. Benafel asked me to contact you regarding the matter of Williams NW trespass on her property. She asked me to send you this (picture) of a letter to President Obama from her mother. Last night Ms. Benafel's mother Elaine had a stroke and Mary is at the hospital taking care of her and my prayers go out to her.
>
> You stated; At this point, I'm not sure how DOT/PHMSA can help you resolve this issue. According to Williams, the ROW agreement allowed them to change from a block valve to a Launcher/Receiver facility. It this is

true, it seems to me that Williams had the legal right to change from a block valve to a Launcher/Receiver facility on your property.

None of that is factual. The facts are attached in the complaint I sent the FERC for Ms. Benafel and the copy of the April 2, 2007 letter from Williams NW that clearly shows the pig receiver/launcher was to be located on the neighbor's property not Mary's. Mary has provided me no evidence that she was ever properly served notice of the project and since Mary turned down Williams NW's offer they broke their easement once they trespassed on her property and they couldn't offer her less than what Mary's appraiser said the property was worth if they started the work on her property first before they denied her counter offer. Otherwise the deal would be under duress and therefore unlawful.

17.    Plaintiff claims that through accident or intention Mr. Reineke and the U.S. Department of Transportation he represents are guilty of gross negligence and willful misconduct, as will be proven at trial.

## IV.    PRAYER

**WHEREFORE**, plaintiff prays for the following relief:

18.        For a judgment which includes a requirement to refund all moneys as follows:

    a. Williams is to remove the pigging station and restore the property.

b. Compensatory damages $570,000: compensatory damages itemized as follows; Original value of the property $350,000, value after pigging station installed $160,000, difference in property value $190,000, cost of litigation to date $180,000, personal stress struggle and suffering $200,000; total compensatory damages $570,000.

c. Punitive damages against the individual defendants according to proof;

d. Costs of suit; and

e. For such other and further relief as the court deems appropriate.

19. I declare under penalty of perjury that the foregoing is true and correct, signed this February 16, 2016

By: *Mary C. Benafel* (signature)
Mary C. Benafel

Plaintiff, in *Pro Per*
2696 Moon Mountain Drive
Eugene OR, 97401
Phone: (541) 343-1600
E-mail: ecr963@gmail.com

- 9 -

COMPLAINT