FILED 09 MAY '16 09:09 USDC-ORE

Mary C. Benafel
2696 Moon Mountain Drive
Eugene OR, 97401
Phone: (541) 343-1600
E-mail: ecr963@gmail.com
*In Pro Per*

## UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON
### EUGENE DIVISION

| | |
|---|---|
| **Mary C. Benafel,**<br>**Plaintiff,**<br><br>**v.**<br><br>**Benafel v. United States Department of Transportation *et al***<br>**Defendants.** | **Case No.:  6:16-cv-273 MC**<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS WILLIAM DAVID TOM AND SHANNON TOM'S MOTION FOR SUMMARY JUDGEMENT,  REPLY TO ANSWER AND AFFIRMATIVE DEFENSES, RESPONSE IN OPPOSITION TO COUNTER CLAIM, AND MOTION FOR SANCTION OF CONTEMPT**<br><br>**Honorable Michael J. McShane** |

Plaintiff responds in opposition to Defendants William David Tom and Shannon Tom's Motion for Summary Judgment (ECF 13), reply to their purported answer to Plaintiff's Complaint and their affirmative defenses (ECF 19), and Plaintiff's responds in opposition to Counterclaim (ECF 19). Further Plaintiff moves for Sanction of Contempt.

### Introduction

1.      Generally speaking, "summary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). At the same time, the party opposing summary judgment "cannot complain that summary judgment was granted without discovery unless that party had

1  made an attempt to oppose the motion on the grounds that more time was needed for

2  discovery." *Evans v. Technologies Applications & Service Co.,* 80 F.3d 954, 961 (4th

3  Cir.1996). If a party believes that more discovery is necessary for it to demonstrate a

4  genuine issue of material fact, the proper course is to file a Rule 56(f) affidavit stating

5  "that it could not properly oppose a motion for summary judgment without a chance to

6  conduct discovery." *Id.*

7      2.      Defendants' Motion for Summary Judgment is as follows:

8      "Pursuant to Federal Rules of Civil Procedure 56, Defendants William

9      David Tom and Shannon Tom ("the Toms") move for summary judgment as

10     to all claims of plaintiff against them. Plaintiff has asserted a claim against

11     the Toms for conspiracy to commit trespass. Plaintiffs claim against the

12     Toms fails for the following reasons:

13     1. The Circuit Court of Lane County for the State of Oregon has already

14     ruled, as a matter of law, that the Toms' alleged co-conspirator Williams

15     Northwest Pipeline ("Williams Northwest") did not trespass on the subject

16     property. This judgement [sic] was affirmed by the Oregon Court of

17     Appeals;

18     2. Plaintiffs claim was not filed within the applicable statute of limitations;

19     and

20     3. Plaintiff, who did not own the property at the time of the alleged trespass,

21     lacks standing to sue.

22     For the foregoing reasons, judgment should be entered in favor of the Toms

23     as a matter of law." [ECF 13 page 2]

24

- 2 -

**Responses in Opposition to Motion for Summary Judgment and Supporting**

**Declaration of William David Tom**

3.      In this case, *Plaintiff is Objecting to the Motion for Summary because Plaintiff needed discovery*, even though she did not file a Rule 56(f) affidavit. The Court's ECF docket log for ECF 2 notes "Discovery is to be completed by 6/15/2016.". Plaintiff is not aware if that schedule deadline has changed.

4.      The problem with such premature motions can be adequately dealt with under **Rule 56**(f), which allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery. Rule 56(f) provides:

> "Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

5.      In some cases courts however have held that **summary judgment** was premature even when the opposing party failed to file a **Rule 56**(f) affidavit. *See, e.g., Hellstrom v. U.S. Dep't of Veterans Affairs,* 201 F.3d 94 (2d Cir.2000); *Farmer v. Brennan,* 81 F.3d 1444, 1449-50 (7th Cir.1996); *Dean v. Barber,* 951 F.2d 1210, 1214 n. 3 (11th Cir.1992); *First Chicago Int'l v. United Exchange Co.,* 836 F.2d 1375, 1380-81 (D.C.Cir.1988). "The purpose of the affidavit is to ensure that the nonmoving party is invoking the protections of **Rule 56**(f) in good faith and to afford the trial court the showing necessary to assess the merit of a party's opposition." *First Chicago,* 836 F.2d at 1380. When the nonmoving party, through no fault of its own, has had little or no

1  opportunity to conduct discovery, and when fact-intensive issues, such as intent, are
2  involved, courts have not always insisted on a **Rule 56**(f) affidavit if the nonmoving party
3  has adequately informed the district court that the motion is pre-mature and that more
4  discovery is necessary. *See id.* at 1380-81; *Hellstrom,* 201 F.3d at 97-98; *Farmer,* 81 F.3d
5  at 1449-50; *Dean,* 951 F.2d at 1214 n. 3. Specifically, if the nonmoving 245*245 party's
6  objections before the district court "served as the functional equivalent of an affidavit,"
7  *First Chicago,* 836 F.2d at 1380, and if the nonmoving party was not lax in pursuing
8  discovery, then the appeal court can consider whether the district court granted **summary**
9  **judgment** prematurely, even though the nonmovant did not record its concerns in the
10  form of a **Rule 56**(f) affidavit.

11  6.  Plaintiff incorporates paragraph 1 to 5 by reference herein. On the state
12  court matters Defendants raise in paragraph 2 herein, Plaintiff's understanding is she must
13  demonstrate both her federal standing to sue, as well as the validity of having a federal
14  claim subject to this court's adjudicatory authority to proceed, but before state court
15  matters are *ripe* for adjudication. The Defendants' raise issues of state law not yet ripe for
16  adjudication. For that reason Plaintiff asks the Court to reserve these matters as identified
17  in Defendants' Motion (ECF 13 at page 2) and Defendants' entire Argument section
18  starting at page 5 to the middle of page 7, where the arguments about the "FERC
19  complaint" begins, to reserve these state court matters for when, or if, the Article III Court
20  finds Plaintiff's standing to sue as well as the validity of having a federal claim subject to
21  this court's adjudicatory authority to proceed. Without any federal jurisdiction, Plaintiff
22  assumes the Article III Court lacks jurisdiction over state law matters in the first instance.

23  7.  Defendants' Motion for Summary Judgment states defendants' federal
24  arguments, "The FERC Complaint states as follows: "Near the end of April, 2007,

- 4 -

1  Williams agreed to pay the Toms several thousand dollars, apparently as compensation for
2  construction of a pig launcher and receiver within Williams's existing easement on the
3  Berger/Benafel property instead of on the Toms' property, (Decl. of Benafel at 13.)"
4  Keating Declaration, Ex.14, pg. 20. ...Thus, plaintiff had knowledge no later than October
5  8, 2009, of the Toms' agreement with Williams Northwest that allegedly led to
6  construction of pigging facilities on the subject property rather than the Toms' property.
7  Therefore, the six year statute of limitations under ORS 12.080(3) ran no later than
8  October 8, 2015. Plaintiffs claim against the Toms is barred by the statute of limitations."
9  (ECF 13 page 7)

10  8.     The Defendants' raise issues of state law not yet ripe for adjudication. For
11  that reason Plaintiff asks the Court to reserve these matters as identified in Defendants'
12  Motion.

13  9.     That FERC's administrative record is not, however, before the Court. The
14  Declaration of William David Tom (ECF 14) is merely what Plaintiff alleges is "post hoc"
15  rationalizations, *Burlington Truck Lines v. United States*, 371 U. S. 156, 168-169 (1962),
16  which have traditionally been found to be an inadequate basis for review.

17  10.     To the degree Defendants' raised relevant arguments regarding the FERC's
18  authority, Plaintiff point's the Court to the fact that FERC claimed it lacked subject matter
19  authority, not jurisdictional authority stating that fact as follows:

20       While CARE's argument on this point is unclear, it appears to draw a
21       distinction between the taking of property through an eminent domain
22       proceeding and the taking of property without going through the eminent
23       domain process. The logical thrust of such an argument would be that in
24       either event, the landowner was due just compensation/damages.    The

- 5 -

Commission is not the appropriate forum in which to adjudicate property rights. If CARE, Mr. Berger, or Ms. Benafel believes that Northwest does not have the property rights to construct these facilities, they may bring an action in a court of appropriate jurisdiction to assert their rights. [135 FERC ¶ 61,158 at pages 7-8] (ECF 1 page 4 lines 14 to 23)

Plaintiff is assuming that, while the FERC lacked subject matter authority it didn't lack authority to give plaintiff permission to go to the Article III Court instead of the Oregon State Court, if that State Court wasn't "a court of appropriate jurisdiction". This presumption of FERC authority is based on the FERC's power to grant Williams' eminent domain authority over Plaintiff's subject property. Defendants apparently dispute these facts.

11. Defendant William David Tom Declaration (ECF 14 page 2) constitutes inadmissible hearsay, Plaintiff alleges.

12. This statement leaves out the flyer the Defendants left in Plaintiff's US Postal Service mail box, the subsequent meeting at their house, the fact they that they shared Plaintiff's personal information with Williams without Plaintiff's consent, the fact that the Plaintiff's alleged "Smoking Gun" Exhibit 8 to her FERC Complaint was withheld. Plaintiff spelled this out in her FERC Complaint.

"On or about February 28, 2007, the Toms received a 45-day notice letter from Williams. (Exhibit 6.) Neither Mr. Berger nor Ms. Benafel received any correspondence or notice from Williams until April, 2007. (Decl. of Benafel at 9.) In early April, 2007, Ms. Benafel received by U.S. mail and by email a letter from Williams informing Mr. Berger of Williams's intent to commence construction on April 28, 2007 of a pig launcher and receiver

- 6 -

within Williams's existing easements. (Exhibit 7.) *A map attached to the April letter indicated that the pig receiver would be located on the Toms' property. (Exhibit 8.)* The letter also propositioned Mr. Berger about "compensating [him] for an exclusive access point" to the right of way off Moon Mountain Drive. (Exhibit 7.) The letter did not mention the FERC Hotline. (See Exhibit 7.) Soon after receiving the letter from Williams in April, a representative from Williams contacted Ms. Benafel by phone and email and again represented to Ms. Benafel that while Williams planned to use the Berger property as work space, the pig receiver and other permanent installations would be located on the Toms' property. (Decl. of Benafel at 12.)

Near the end of April, 2007, Williams agreed to pay the Toms several thousand dollars, apparently as compensation for construction of a pig launcher and receiver within Williams's existing easement on the Berger/Benafel property instead of on the Toms' property. (Decl. of Benafel at 13.)

On May 3, 2007 Williams's construction crew broke ground on the Berger/Benafel property. (Decl. of Benafel at 16.) Williams's construction in May and June of 2007 included erecting (1) a large pig receiver on the Berger/Benafel property that includes multiple pipes having diameters of up to at least 14 inches, and stands approximately eight to ten feet above ground; and (2) a permanent, wide gravel road. (Exhibit 9.) In June of 2007

1   Williams cut the sidewalk and curb between lot 14 and Moon Mountain

2   Court and constructed a concrete apron or driveway access point onto lot 14.

3   (Decl. of Benafel at 21; Exhibit 10.)  In the winter of 2007, Williams erected

4   a large chain link and barbed wire fence with green plastic slats around the

5   pig receiver. (Decl. of Benafel at 22; Exhibit 11.)" (ECF 16 pages 3 to 4)

6   Basically Plaintiff alleges this hearsay statement of Defendant William David Tom (ECF

7   14 page 2) admits much in support of Plaintiff's claims before the Court, while it leaves

8   out all and any phone, email, in person intercommunications with the Toms Defendants.

9   **Arguments Memorandum of Points and Authorities in Opposition to Motion for**

10  **Summary Judgment and Supporting Declaration of William David Tom**

11  13.     The Motion is improper and premature according to **Rule 56**(e) of the

12  Federal Rules of Civil Procedure, and *Adickes* v. *S. H. Kress & Co.,* 398 U. S. 144, 159

13  (1970), establish that "the party opposing the motion for summary judgment bears the

14  burden of responding *only after* the moving party has met its burden of coming forward

15  with proof of the absence of any genuine issues of material fact." 244 U. S. App. D. C., at

16  163, 756 322*322 F. 2d, at 184. Therefore Plaintiff alleges petitioner's summary judgment

17  motion is rendered "fatally defective" by the fact that petitioner "made no effort to adduce

18  *any* evidence, in the form of affidavits or otherwise, to support its motion." 244 U. S. App.

19  D. C., at 163, 756 F. 2d, at 184.

20  14.     Secondly, under **Rule 56(c)**, summary judgment is only proper "if the

21  pleadings, depositions, answers to interrogatories, and admissions on file, together with

22  the affidavits, if any, show that there is no genuine issue as to any material fact and that

23  the moving party is entitled to a judgment as a matter of law." The plain language of **Rule**

24  **56(c)** mandates the entry of summary judgment, after adequate time for discovery and

1 upon motion, against a party who fails to make a showing sufficient to establish the
2 existence of an element essential to that party's case, and on which that party will bear the
3 burden of proof at trial.

4     15.    Plaintiff argues **Rule 56**(e), by its terms, places on the nonmoving party the
5 burden of coming forward with rebuttal affidavits, or other specified kinds of materials,
6 only in response to a motion for summary judgment "made and supported as provided in
7 this **rule**." Plaintiff's argument is, since defendants did not "support" its motion with
8 affidavits, summary judgment would be improper in this case.

9     16.    But, a motion for summary judgment may be made pursuant to **Rule 56**
10 "with or without supporting affidavits." In cases like the instant one, where the
11 nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary
12 judgment motion may properly be made in reliance solely on the "pleadings, depositions,
13 answers to interrogatories, and admissions on file." Such a motion, whether or not
14 accompanied by affidavits, will be "made and supported as provided in this **rule**," and
15 **Rule 56**(e) therefore requires the nonmoving party to go beyond the pleadings and by her
16 own affidavits, or by the "depositions, answers to interrogatories, and admissions on file,"
17 designate "specific facts showing that there is a genuine issue for trial." This therefore
18 requires an examination if there are any of the purported facts not in dispute as presented
19 in the Tom's Motion for Summary Judgment (ECF 13) and their purported answer to
20 Plaintiff's Complaint, their affirmative defenses, and their Counterclaim (ECF 19).

21     17.    The Toms' Motion for Summary Judgment (ECF 13 page 3 last paragraph)
22 knowingly misstates facts, Plaintiff alleges this is in a show of "bad-faith" where they
23 state "In response to the letter, the Toms contacted Williams Northwest and were shown
24 plans for the installation of the pig launcher. *Tom Declaration ¶ 4. The plans showed that*

- 9 -

1 | *the facilities were to be mostly on the subject property*, but a small portion of it would also
2 | be on the Toms' property. *Tom Declaration ¶ 4, ..*"

3 |     18.    Shannon Tom did not provide a Declaration. The Declaration of William
4 | David Tom (ECF 14 page 2) re-states this erroneous fact "4. In response to the February
5 | 2007 letter, my wife and I contacted Williams Northwest. We were shown plans for the
6 | construction and installation of the pig launcher facilities. *The plans showed that the*
7 | *facilities were to be mostly on the Moon Mountain Drive property*, but a small portion of
8 | the work was also to be performed on our property."

9 |     19.    In the Declaration of Guy Keating (ECF 16) includes Exhibit 14 a copy of
10 | the Complaint filed at the Federal Energy Regulatory Commission ("FERC") in FERC
11 | Docket CP10-5-000 filed on October 8, 2009. At the bottom of page 2 of the FERC
12 | Complaint it states regarding the Motion and Declaration of William David Tom
13 | describing wherein he knowingly lied "that the facilities were to be mostly on the Moon
14 | Mountain Drive property" (ECF 14 page 2). This is relevant to a showing of "bad-faith"
15 | by defendants because this statement is knowingly false as shown as was stated in the
16 | October 8, 2009 FERC Complaint at page 2 where it states "A map attached to the April
17 | letter indicated that the pig receiver would be located on the Toms' property. (Exhibit 8.)"
18 | (ECF 16 page 3)

19 |     20.    The Declaration of Guy Keating (ECF 16) include the Exhibit 8 of the
20 | FERC complaint (ECF 17 page 13), which Plaintiff alleges, clearly shows "that the pig
21 | receiver would be located on the Toms' property" as was first alleged at FERC prior to
22 | seeking this Article III Court's adjudication, and to exhaust any federal administrative
23 | remedies available first.

24 |

Case 6:16-cv-00273-MC   Document 17   Filed 03/30/16   Page 13 of 26

20091008-5107 FERC PDF (Unofficial) 10/8/2009 1:11:41 PM



Exhibit 8

Opposition to Toms' Motions and Reply to Answer

**Reply to Answer to Plaintiff's Complaint and Affirmative Defenses**

21.     Defendants William David Tom and Shannon Tom's Answer at 1. The Toms Deny that they conspired with Williams and the City of Eugene ("the City") to change the location of the pig to Plaintiff's property. Plaintiff objects as Plaintiff alleges she will prove the conspiracy if allowed to go to trial.

22.     Defendants William David Tom and Shannon Tom's Answer at 2. The Toms Deny Plaintiff is entitled to the relief requested. Plaintiff's understanding is the Toms received $23,500 and sold their soul to Williams and City to deny Plaintiff any sort of relief.

23.     Defendants William David Tom and Shannon Tom's Answer at 3. The Toms' Deny they are proper party to initiating a conspiracy with Williams and the City to put the pig launcher on Plaintiff's property as substituting maps to convince Plaintiff that the pig launcher was to go on Plaintiff's property, when it was clearly erroneous (*See* ECF 17 page 13).

24.     Defendants William David Tom and Shannon Tom's Answer at 4. The Toms' Deny evidence which they shared with Plaintiff regarding the U. S. Department of Transportation ("DOT") and email correspondence they had with DOT via their attorney at that time.

25.     Defendants William David Tom and Shannon Tom's Answer at 5. The Toms' Deny they were given 45 days notice by Williams and acted with them, to create a ruse, whereby Williams would create a new access road, by changing the location of the egress/access from a fictitious parcel created by their co-conspirator the City, to allow Williams access to Plaintiff's property.

Opposition  to Toms' Motions and Reply to Answer

26.     Defendants William David Tom and Shannon Tom's Answer at 6, 7, 8, and 9, the Toms' Admit they were given a 45 Notice, but dodge that Plaintiff was given permission to go to federal court by the FERC.

27.     Defendants William David Tom and Shannon Tom's Answer at 10 specifically addressed towards them. In a short sentence brief answer the Toms' Deny. However Plaintiff alleges the amount was $23,500, not $10 as Plaintiff will prove at trial.

28.     Defendants William David Tom and Shannon Tom's Answer at 11 answer the Toms' Deny "lacking sufficient information to respond". Plaintiff alleges Defendants' counsel informed Defendants of these remedies to figure a way for the pig launcher to be constructed on Plaintiff's property.

29.     Defendants William David Tom and Shannon Tom's Answer and Affirmative Defenses at 12 answer the Toms' Deny "lacking sufficient information to respond". Plaintiff alleges Defendants, or their counsel called the City and Williams to conspire to create a ruse in the form of a "paperless permit" scheme to deceive Plaintiff.

30.     Defendants William David Tom and Shannon Tom's Answer at 13 Deny they created a plot and plan based on their attorney's advice.

31.     Defendants William David Tom and Shannon Tom's Answer at 14 Deny the truth based on their plot and plan, with their attorney's advice.

32.     Defendants William David Tom and Shannon Tom's Answer at 15 Deny, yet Defendants have emails with Ross Reineke DOT that they showed Plaintiff at that time.

33.     Defendants William David Tom and Shannon Tom's Answer at 16 Deny, yet their attorney and the Toms met with Williams to plot and plan the change from a block valve to a launcher/receiver pig facility on Plaintiff's property. Plaintiff alleges the Toms'

- 13 -

plan was to rotate the schematic and they changed the North and South Arrow so that the pig facility they showed me on the schematic would be located on Plaintiff's property, instead of these two defendants'.

34.    Defendants William David Tom and Shannon Tom's First Affirmative Defenses at 18 Deny that Plaintiff has standing to sue for which relief can be granted. Plaintiff opposes and disagrees with the arguments on Plaintiff's purported lack of federal standing. Defendants make two objections to the standing of Plaintiff. The first objection is the claim that Plaintiff does not and cannot allege that she is injured or faces imminent injury in a manner that is distinct from the general population.  The second objection is that, assuming cognizable injury, Plaintiff does not allege that such injury could be redressed by judicial relief in this action.  Each of these objections will be addressed distinctly. With respect to the first objection concerning the existence of a distinct cognizable injury, there are two independent flaws in the argument of Defendants. The first flaw is the claim by Defendants that Plaintiff has suffered no injury of fact. Specifically, Exhibit 8 of the complaint identifies the injury, the launcher/receiver pig facility located on Plaintiff's property, instead of being located on the Toms' property as shown on the map in Exhibit 8. The second flaw in Defendants' argument regarding the purported lack of injury is that they completely disregard the allegations of Plaintiff that she is suffering injury (both actual and imminent). Now Plaintiff addresses the second objection of Defendants to standing, to wit: the claim that if injured, any remedy within the power of this Court cannot redress such injury.   Plaintiff acknowledges that redressability is an element of the Article III standing requirements.  Plaintiff first notes that this argument of Defendants utilizes the same false premise that their first argument did, namely, that Plaintiff, contrary to her clear allegation in the complaint, has not

suffered any injury of fact due to defendants' actions.  Once that factual distortion is corrected, there remains another that also deserves focus.  In *Glanton vs. AdvancePCS, Inc.*, 465 F.3d 1123 (2005) at page 1125,  that case reads in very pertinent part:

> To establish standing under *Lujan* [*Defenders of Wildlife,* 504 U.S. 555], plaintiffs must show a **likelihood** that the injury they have suffered will be redressed by a favorable outcome to the litigation. (**Emphasi**s added.)

The crucial word in this quote is "likelihood"; it is not "certainty."

35.    Defendants William David Tom and Shannon Tom's First Affirmative Defenses at 19 claims Plaintiff's claims are time barred due to state law statutes of limitation that bar Plaintiff's federal claims even though the FERC gave permission to seek appropriate court remedies.

36.    Defendants William David Tom and Shannon Tom's First Affirmative Defenses at 20 claims Plaintiff's claims a barred due to lack of standing to sue in federal court even though the FERC gave permission to seek appropriate court remedies.

37.    Defendants William David Tom and Shannon Tom's First Affirmative Defenses at 21 claims "Plaintiffs damages, if any, are not due to any act or omission on the part of the Toms, but rather due to her own fault." (ECF 19 page 4) In the opposite,  as Plaintiff will prove at trial, Defendants William David Tom and Shannon Tom's, Plaintiff's damages, if any, are due to acts or omissions on the part of the Toms.

38.    Defendants William David Tom and Shannon Tom's First Affirmative Defenses at 22, 23, 24, 25, 26, 27, 28, 29 and 30, in each of these, the Defendants' raise issues of state law not yet ripe for adjudication. For that reason Plaintiff asks the Court to reserve these matters as identified in Defendants' Motion for Summary Judgment (ECF 13).

1

**Arguments Memorandum of Points and Authorities in reply to answer to Plaintiff's**

2

**Complaint and affirmative defenses**

3       39.    Plaintiff argues that the Defendants' motions fail to comply with the

4   requirement of Rule 8(b)(1) of the Federal Rules of Civil Procedure that an answer "on

5   the merits" challenges the complaint's factual accuracy or the plaintiff's legal entitlement

6   to relief based on the facts set forth in the complaint. The format of your answer must

7   track the format of the complaint. It should include a numbered response to each

8   numbered paragraph of the plaintiff's complaint. Rule 8(b)(1) of the Federal Rules of

9   Civil Procedure governs answers.

10      40.    There are several considerations these Defendants failed to consider:

11      A.    Defendants failed to include for each sentence in the complaint, state what

12          they admitted and what they denied. See Rule 8(b)(6) of the Federal Rules of Civil

13          Procedure.

14      B.    Defendants failed to include any affirmative defenses, if there are any that

15          apply. Affirmative defenses are new factual allegations that, under legal rules,

16          defeat all or a portion of the plaintiff's claim. Each affirmative defense should be

17          listed in a separate paragraph at the end of the answer. Plaintiff's understanding is

18          any affirmative defense not listed in the answer is waived, meaning it cannot be

19          brought up later in the lawsuit.

20      C.    Defendants failed to include any prayer for relief. The prayer for relief states

21          what damages or other relief they believe the Court should award to the plaintiff

22          (usually, the defendant suggests that the plaintiff receive nothing).

23      D.    Defendants failed to identify which Defendant was providing any answer.

24

**Plaintiff's responds in opposition to Counterclaim Arguments Motion for Sanction of Contempt Memorandum of Points and Authorities**

41.    Plaintiff incorporates by reference herein, paragraphs 17 through 20 and the image of Exhibit 8 from the FERC Complaint (ECF 17 page 13).

42.    Plaintiff moves for sanction of contempt.

43.    Defendants Counterclaim at 32 is that "Defendants the Toms are entitled to recovery of their reasonable attorney fees in this matter, including under ORS 20.105(1)." Plaintiff's responds in opposition to Counterclaim.

44.    Plaintiff alleges the Defendants Motion, Answer, and the Counterclaim, are in "bad-faith", and Plaintiff is entitled to relief therefore.

45.    Federal Rule of Civil Procedure 45(f); allows the award of expenses and/or contempt damages when a party presents an affidavit in a summary judgment motion in bad faith or for the purpose of delay, Fed. Rule Civ. Proc. 56(g). The District Court also could sanctioned William David Tom and his attorneys for the various bad-faith affidavits they presented in their summary judgment motion, see *Nasco, Inc. v. Calcasieu Television & Radio, Inc.*, 124 FRD 120 (1989), [124 F. R. D., at 128, 135], under Federal Rule of Civil Procedure 56(g), a Rule that permits the award of expenses and attorney's fees and the additional sanction of contempt.

46.    The Counter-claim filed by the Toms' and their counsel in this action, was one for malicious prosecution of a civil suit, defined in *Morris v. Hargrove*, 351 S.W.2d 666, 667 (Tex.Civ.App.—Austin 1961, writ ref'd n.r.e.), as "the instituting of a criminal prosecution or a civil suit filed maliciously and without probable cause." One of the necessary elements in the maintenance of such a suit is that it must be shown that the suit alleged to have been prosecuted with malice and without probable cause terminated in

favor of the plaintiff-claimant. *Forke v. Homann*, 14 Tex. Civ.App. 670, 39 S.W. 210, 212 (Austin 1896, writ ref'd); *Beaurline v. Smith*, 426 S.W.2d 295, 298 (Tex.Civ.App.— Corpus Christi 1968, writ ref'd n.r.e.).

47.    In his Counter-Claim William David Tom  is confronted with an even more serious, and insurmountable obstacle, the series of rules enunciated in *Salado College v. Davis*, 47 Tex. 131, 135 (1877), quoted with citations omitted:

"To bring an action, though there be no good ground, is not actionable...

"An act which does not amount to a legal injury cannot be actionable because it is done with a bad intent...

"In ordinary cases, where no further wrongful act is complained of than the institution of a groundless suit, though done knowingly and with intent to harass, the award of costs is, in contemplation of law, full compensation for the unjust vexation....

"In such cases, the defendant recovers his costs, `but no allowance is made for his time, indirect loss, annoyance, or counsel fees.'"

The Salado College Case has been cited and followed as late as *Louis v. Blalock*, 543 S.W.2d 715, 719 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e.).

### Conclusions and Requests for Relief

48.    Plaintiff incorporates by reference paragraphs 1 through 47 herein.

49.    Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

50.     If the moving party has not fully discharged this initial burden of production, its motion for summary judgment must be denied, and the court need not consider whether the moving party has met its ultimate burden of persuasion. Accordingly, the nonmoving party may defeat a motion for summary judgment that asserts that the nonmoving party has no evidence by calling the court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party. If the record disclosed that the moving party had overlooked a witness who would provide relevant testimony for the nonmoving party at trial, the court could not find that the moving party had discharged its initial burden of production unless the moving party sought to demonstrate the inadequacy of this witness' testimony. Absent such a demonstration, summary judgment would have to be denied on the ground that the moving party had failed to meet its burden of production under Rule 56.

51.     Plaintiff asks this court to deny the Toms Defendants' motions for Summary Judgment and Counterclaim, and Grant the claimed motion for sanction of contempt against the William David Tom, and his attorney. Plaintiff asks the court to deny the Toms' requested Summary Judgment in favor of Plaintiff.

52.     Plaintiff requests procedural relief from the discovery deadlines until all the Defendants have filed their responsive pleadings and a jointly decided schedule by the parties is determined by the Court.

53.     Plaintiff asks for any other relief the court finds appropriate.

- 19 -

1

## DECLARATION OF MARY C. BENAFEL

2      1.    I am the Plaintiff, in the above captioned case.

3      2.    I declare under penalty of perjury that the foregoing is true and correct,

4    signed this May 9, 2016

5                                          By: _Mary C. Benafel_____
                                               Mary C. Benafel
6                                           Plaintiff, in *Pro Per*
                                            2696 Moon Mountain Drive
7                                           Eugene OR, 97401
                                            Phone: (541) 343-1600
8                                           E-mail: ecr963@gmail.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Opposition  to Toms' Motions and Reply to Answer

**CERTIFICATE OF SERVICE**
**BENAFEL v. U.S. Department of Transportation *et al.***
**USDC, Oregon, Case No 6:16-cv-273 MC**

I undersigned, declare that I am over the age of 18 and am not a party to this action. On the date below I served a copy of the following document: PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS WILLIAM DAVID TOM AND SHANNON TOM'S MOTION FOR SUMMARY JUDGEMENT, REPLY TO ANSWER AND AFFIRMATIVE DEFENSES, RESPONSE IN OPPOSITION TO COUNTER CLAIM, AND MOTION FOR SANCTION OF CONTEMPT on all interested parties in said case not served via the Court's CM/ECF system addressed as follows: I served the documents by the following method(s):

☒     U.S. MAIL. The document(s) listed above were placed in a sealed envelope with postage thereon fully prepaid, in the United States mail, addressed as set forth is:

Benjamin J. Miller -Attorney City of Eugene *et al.*
City of Eugene
125 E. 8th Avenue, 2nd Floor
Eugene, OR 97401

Guy Keating
Attorney for William David Tom, & Shannon G. Tom
Schulte, Anderson, Downes,
 Aronson & Bittner, P.C.
811 SW Naito Parkway, Suite 500
Portland, OR 97204

Defendant Rodney Gregory & Defendant Williams Northwest Pipeline
Cynthia M. Fraser
Garvey Schubert Barer
121 SW Morrison Street
11th Floor
Portland, OR 97204

*Defendants – No Appearances Filed yet*
Defendants United States Department of Transportation, Anthony Foxx &
Defendant Ross Reineke

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Mary C. Benafel

_____        *Mary C. Benafel*
          Print Name                              Signature
Executed on this 9th day of May 2016 at Eugene, Oregon.