IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARY C. BENAFEL**, | |
| Plaintiff, | Civ. No. 6:16-cv-273-MC |
| v. | **OPINION AND ORDER** |
| **UNITED STATES DEPARTMENT OF TRANSPORTATION, et al.,** | |
| Defendant. | |

**MCSHANE, Judge**:

      Plaintiff Mary C. Benafel brings this action against Williams Northwest Pipeline ("Williams"), the United States Department of Transportation (the "DOT"), the City of Eugene and members of the City Council (the "City"), William David and Shannon G. Tom (the "Toms"), and multiple affiliated individuals. Benafel brings claims under the Civil Rights Act of 1871 (42 U.S.C. §§ 1983 and 1988) and the Fourteenth Amendment, alleging that the named Defendants conspired to violate her civil rights and took her property without just compensation. Benafel seeks removal of the Williams Northwest Pipeline pigging station from her property, restoration of the property, and just compensation for the alleged taking and inverse condemnation.

1 – OPINION AND ORDER

Defendants argue, among other things, that Benafel's claims are barred by preclusion and various statutes of limitations. Because those issues are dispositive, I do not address the other arguments. Because Benafel's claims have already been adjudicated in state court and are barred by multiple statutes of limitations, Defendants' Motions to Dismiss, ECF Nos. 13[1], 23, 28, 37, are GRANTED. The requests for oral argument are DENIED.

## BACKGROUND

In 2007, Williams installed a pigging station on Benafel's property, which is located in a subdivision in Eugene, Oregon. Pl.'s Compl., ¶ 5, ECF No. 1. Williams constructed a pig receiver, fence, road, and driveway, which Benafel claims violates local zoning laws, has caused loss of trees and vegetation, and was built over an aquifer. *Id.* Benafel reported the site to the Federal Energy Regulatory Commission ("FERC") on October 8, 2009. *Id.* at ¶ 6. Benafel also brought suit in Lane County Circuit Court and appealed to the Court of Appeals of the State of Oregon, which affirmed the lower court's grant of summary judgment for Defendants. *Id.* at ¶ 9; *See* Ex. J, ECF No. 30–10.

Benafel claims that the Toms, her neighbors, conspired with Williams to change the construction site from their property to Benafel's in exchange for money. *Id.* at ¶ 10. Benafel also claims that the City gave Williams false permits allowing Williams to construct an apron, an eight-foot fence, and a road to the facility. *Id.* at ¶¶ 11, 12, 13, 14. Benafel asserts that the City's and the Toms' actions devalued her property and cost her time and money. *Id.* at ¶ 12. Lastly, Benafel claims that the DOT is guilty of gross negligence and willful misconduct. *Id.* at ¶ 17. Benafel seeks removal of the pigging facility, restoration of the property, $570,000 in compensatory damages, punitive damages, and court costs. *Id.* at ¶ 18.

---

[1] Because the Toms' arguments are not materially different from the other Defendants' arguments, I treat the Toms' Motion for Summary Judgment, ECF No. 13, as a Motion to Dismiss.

2 – OPINION AND ORDER

## STANDARD OF REVIEW

This Court may dismiss a claim at any time if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). "In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the Complaint, and matters properly subject to judicial notice." *Swartz v. KPMG, LLP*, 476 F.3d 756, 763 (9th Cir. 2007). In order to survive a motion to dismiss, a Complaint must contain more than a "formulaic recitation of the elements of a cause of action. . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A Complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim is facially plausible when the factual allegations give rise to a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). However, the factual allegations must allow the court to infer more than a "mere possibility of misconduct." *Id.* at 679. When considering a motion to dismiss for failure to state a claim upon which relief can be granted, a court should view all allegations made in the complaint in a light most favorable to the plaintiff. *Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191 (9th Cir. 1987). A court need not, however, accept legal conclusions "cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

## DISCUSSION

Defendants move to dismiss primarily on the basis of preclusion and multiple statutes of limitations. First, the Toms move for summary judgment, in part, because the Circuit Court ruled that Williams did not trespass on Benafel's property as a matter of law. Defs.' Mot., 4, 5, ECF No. 13. Similarly, Williams argues that this suit is barred by claim and issue preclusion. Defs.' Mot., 9, ECF No. 28. Williams requests that this Court take judicial notice of the court filings

3 – OPINION AND ORDER

from *Mary Benafel v. Williams Pacific Connector Gas Pipeline, LLC, et al*, Lane County Circuit Court Case No. 161305954 and *Mary Benafel v. Williams Pacific Connector Gas Pipeline, LLC, et al*, Oregon Court of Appeals Case No. A156288. *See* Req. for Jud. Not., ECF No. 30.

Second, the Toms argue that this action falls outside the six-year statute of limitations for trespass because the alleged wrongdoing occurred in 2007. Defs.' Mot., 7, ECF No. 13. The City and Williams argue that Benafel's § 1983 claim fails because it is subject to Oregon's two-year statute of limitations. Defs.' Mot., 4, ECF No. 23; Defs.' Mot., 8, ECF No. 28. The DOT argues that the Federal Tort Claims Act ("FTCA") carries a two-year statute of limitations and any other claim against the United States would be barred by 28 U.S.C. 2401(a)'s six-year "catch-all" statute of limitations. Defs.' Mot., 4, ECF No. 37. I address each argument in turn.

## I. Preclusion

Defendants argue that this action is barred by claim and issue preclusion because Benafel already brought this case in state court. "Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Similarly, collateral estoppel prevents relitigation of an issue of fact or law under a new cause of action that has already been decided in a prior court proceeding involving a party from the first case. *Id.* The Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal courts to give state court judgments the same preclusive effect that the law of the state where the judgment was rendered would give. *Gonzales v. California Dep't of Corr.*, 739 F.3d 1226, 1230 (9th Cir. 2014).

Defendants argue that Benafel's claims are barred by both claim prelusion (*res judicata*) and issue preclusion (collateral estoppel). In support of these arguments, Williams asks this

Court to take judicial notice of filings from the related Lane County and Oregon Court of Appeals cases. *See* Req. for Jud. Not., ECF No. 30.

In general, courts may not consider material outside of the in ruling on a motion to dismiss unless the motion is treated as one for summary judgment and the parties are "given reasonable opportunity to present all materials made pertinent to such motion by Rule 56." *Jacobson v. AEG Capital Corp.*, 50 F.3d 1493, 1496 (9th Cir. 1995). However, courts may take judicial notice of court filings and other matters of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). It is "proper to take judicial notice of court filings in a state court case where the same plaintiff asserted similar and related claims." *In re Zoran Corp. Derivative Litig.*, 511 F. Supp. 2d 986, 1001 (N.D. Cal. 2007) (citing *Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir.1998)). Benafel asserted similar and related claims against Williams in state court, which she reiterated on appeal. Therefore, this Court takes judicial notice of Exhibits 1–11 to Williams' Request for Judicial Notice.

### A. Claim Preclusion

Defendants' first argument under preclusion is that Benafel's claims should be dismissed because she has already brought them in state court. A plaintiff may not bring an action against the same defendant twice where the second claim is based on the same factual transaction as the first, seeks an additional or alternative remedy, and could have been joined in the first action. *Drews v. EBI Companies*, 310 Or. 134, 140 (1990). Claim preclusion does not require actual litigation, nor does it require that the determination of the issue was essential to the outcome of the proceeding. *Id.* Claim preclusion only requires that the Plaintiff had the opportunity to litigate and that there was a final judgment in the first action. *Id.*

Williams correctly argues that Benafel's immediate action is based on the same factual transaction that was litigated to final judgment in state court and the Court of Appeals. Defs.' Mot., 13, ECF No. 28. Benafel already sued Williams for trespass, ejectment, nuisance, negligence, and inverse condemnation/taking, Ex. A, 1, ECF No. 30–1, based on Williams' construction of the same pigging facility, road, apron, and fence, *Id.* at 3. Benafel already alleged in her motion for summary judgment in state court that Williams and the Toms arranged for the pigging facility to be built on Benafel's property, Defs.' Mot., 10, ECF No. 28; Ex. D, 20, ECF No. 30–4, and that the City issued false permits to Williams, Defs.' Mot., 1, ECF No. 28; Ex. D, 17 n.4, ECF No. 30–4.

Benafel does not dispute this fact. Rather, she responds that the state court did not reach the merits of her claims because it granted Williams' motion for summary judgment on the basis that she lacked standing to sue because she was not the owner of the property at the time the pigging facility was installed. Pl.'s Resp., ¶ 12, ECF No. 36. However, Williams' motion for summary judgment, which the state court granted, also argued that its installation of the pigging facility was within the express terms of the easement. Ex. B, 7, ECF No. 30–2. Furthermore, the Court of Appeals concluded that Williams' actions were lawful under the easement. Ex. K, 1, ECF No. 30–11.

Benafel acknowledges that she already brought these claims in state court but seems to view this Court as yet another platform to seek redress. *See* Pl.'s Compl., ¶ 9, ECF No. 1. To the contrary, this Court is not a forum for plaintiffs to re-file unsuccessful state court actions, and the Full Faith and Credit Act requires this Court to give preclusive effect to state court judgments. Because Benafel has already brought these claims against Williams at the state and appellate court level, Benafel's claims against Williams are DISMISSED, with prejudice.

### B. Issue Preclusion

Defendants' second argument under preclusion is that Benafel's claims should be dismissed because the issues have already been litigated in state court. "Issue preclusion arises in a subsequent proceeding when an issue of ultimate fact has been determined by a valid and final determination in a prior proceeding." *Nelson v. Emerald People's Util. Dist.*, 318 Or. 99, 103 (1993). Issue preclusion applies when the following five requirements are met: (1) the issue in the two proceedings is identical; (2) the issue was litigated and was essential to the outcome of the prior proceeding; (3) the party to be precluded has had a full and fair opportunity to be heard on the issue; (4) the party to be precluded was party to or in privity with a party to the prior proceeding; and (5) the prior proceeding was of the kind that this Court will give preclusive effect to. *Id.* at 104.

Williams correctly argues that the state court's decision, which was affirmed by the Oregon Court of Appeals, already determined that Williams' actions were lawful under the express terms of its 1964 easement. Defs.' Mot., 3, 14, ECF No. 28; Ex. K, 1, ECF No. 30–11. The Toms argue that because the state court found that Williams did not commit a trespass as a matter of law, the Toms cannot be liable for conspiracy to commit unlawful trespass. Defs.' Mot., 5–6, ECF No. 13. I agree and find that the central issue of whether Williams acted within its rights when it constructed the pigging facility also determines whether the City may be liable for conspiracy and inverse condemnation. I find that this issue is identical in the two proceedings, has already been litigated, and was essential to the outcome of the state and appellate court proceedings. I also find that Benafel has had a full and fair opportunity to be heard on the issue and that she was a party to the prior proceedings. Furthermore, the state and appellate court proceedings were of the kind that this Court must give preclusive effect to.

Because each of these requirements are met, Benafel's claims are barred by issue preclusion. Therefore, Benafel's claims against Williams, the Toms, and the City are DISMISSED, with prejudice.

## II.    Statutes of Limitations

Defendants move to dismiss due to several statutes of limitations that bar Benafel's trespass, § 1983, and federal tort claims.

### A. Trespass

The Toms argue that Benafel's action for trespass is barred by a six-year statute of limitations. Indeed, an action for taking, detaining, or injuring another's personal property or for the recovery thereof must be brought within six years. ORS § 12.080(4). Benafel submitted a complaint to FERC on October 8, 2009. Pl.'s Compl., ¶ 6, ECF No. 1. That declaration includes claims that the Toms received money from Williams and that the original plan was to build the pigging facility on their property instead. Defs.' Mot., 7, ECF 13. Therefore, Benafel knew of the alleged conspiracy for nearly seven years before filing this complaint on February 16, 2016. *See* Pl.'s Compl., ECF No. 1.

Plaintiff vaguely responds that the Toms "raise issues of state law not yet ripe for adjudication." Pl.'s Resp., ¶ 8, ECF No. 33. One may raise a statute of limitations defense in a motion for dismissal or summary judgment if the running of the statute is apparent on the face of the complaint, or if the trial court is willing to accept matters outside of the pleadings. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 678 (9th Cir. 1980). Benafel's complaint clearly centers around events that occurred in 2007, which she must have been aware of by the time she filed a complaint to FERC in 2009. Therefore, Benafel's claim against the Toms is barred by Oregon's six-year statute of limitations for trespass and is DISMISSED, with prejudice.

B. **Civil Rights Act § 1983**

The City moves to dismiss Benafel's § 1983 claim because it is barred by a two-year statute of limitations. Defs.' Mot., 4, ECF No. 23. Williams also moves to dismiss Benafel's § 1983 claim and explains that, although § 1983 itself does not contain a statute of limitations, the Ninth Circuit has held that "Oregon's two-year statute of limitations for personal injury actions applies to actions under 42 USC § 1983." Defs.' Mot., 8, ECF No. 28 (quoting *Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989)).

Benafel responds that *Cooper* does not apply because Cooper had a previous claim in federal court prior to the state court action that led to the case cited. Pl.'s Resp., ¶ 11, ECF No. 36. Benafel also argues that *Cooper* does not apply because Williams is a private corporation without the same immunities as the City of Ashland. *Id.* The City correctly replies that Cooper's previous claim was not the basis for the holding in *Cooper*, and that the statute of limitations for § 1983 actions in Oregon is two years regardless. Defs.' Reply, 2, ECF No. 40.

Benafel alleges that the City's wrongdoings occurred May through June of 2007. Pl.'s Compl., ¶ 12, ECF No. 1. In her FERC complaint, Benafel described Williams' alleged conspiracy with the Toms and construction of the pigging facility as having occurred in 2007. Pl.'s Resp., ¶ 12, ECF No. 33. Therefore, Benafel's window of time to sue either Defendant closed in 2009. But even if the statute of limitations period began from the time Benafel filed her FERC complaint, it ran on October 8, 2011, years before Benafel filed this action. Therefore, Benafel's § 1983 claims against Williams and the City are DISMISSED, with prejudice.

C. **Federal Tort Claims Act**

The DOT argues that Benafel cannot bring a tort claim against the government because she is barred by a two-year statute of limitations under the Federal Tort Claims Act ("FTCA")

and a six-year "catch-all" statute of limitations for any claim against the United States. Defs.' Mot., 4, ECF No. 37.

A plaintiff must present a tort claim against the United States in writing within two years after the claim accrues. 28 U.S.C. § 2401(b). Benafel claims that the DOT is guilty of gross negligence and willful misconduct, Pl.'s Compl., ¶ 17, ECF No. 1, although it is unclear what conduct she bases those claims on. Benafel simply cites communications between her appraiser and the DOT in April 2008, *Id.* at ¶ 15, and a July 2009 email from the president of Californians Against Renewable Energy to the DOT on Benafel's behalf detailing the DOT's allegedly flawed position that Williams had acted within its legal right, *Id.* at ¶ 16. Assuming that the DOT's alleged misconduct occurred between those two dates, Benafel's claim is barred by the two-year statute of limitations for tort claims against the federal government.

Even if Benafel's allegations of gross negligence and willful misconduct were not tort claims, she would still be barred by a six-year statute of limitations for all claims against the federal government. Every civil action against the United States must be filed within six years after the claim accrues. 28 U.S.C. § 2401(a). If the statute of limitations period began as late as July 2009, any claims brought after July 2015 are barred. Therefore, Benafel's claims against the DOT are DISMISSED, with prejudice.

## CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss, ECF Nos. 13, 23, 28, 37, are GRANTED. Benafel's claims are DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this 12th day of August, 2016.

                                                  _____/s/ Michael McShane_____
                                                    **Michael J. McShane**
                                              **United States District Judge**